UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| JULIUS R. HENDERSON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 4:17-CV-2349 CDP |
| | ) | |
| THE UNITED STATES MARINE CORPS, | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM AND ORDER

Plaintiff Julius R. Henderson seeks leave to proceed in forma pauperis in this civil action requesting the Court to upgrade the type of discharge he received from the United States Marine Corps. Based on review of plaintiff's financial affidavit, the motion is granted. After careful review of plaintiff's complaint, the Court will order plaintiff to show cause as to why this case should not be dismissed for lack of subject matter jurisdiction.

### Standard of Review

Under 28 U.S.C. § 1915(e), the Court is required to dismiss a complaint filed in forma pauperis if it is frivolous, malicious, or fails to state a claim upon which relief can be granted. To state a claim for relief, a complaint must plead more than "legal conclusions" and "[t]hreadbare recitals of the elements of a cause of action [that are] supported by mere conclusory statements." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A plaintiff must demonstrate a plausible claim for relief, which is more than a "mere possibility of misconduct." *Id.* at 679. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678. Determining whether a complaint states a plausible claim for relief is a

context-specific task that requires the reviewing court to draw on its judicial experience and common sense. *Id*. at 679.

When reviewing a complaint under 28 U.S.C. § 1915(e), the Court accepts the well-pled facts as true. Furthermore, the Court liberally construes the allegations.

### The Complaint

On August 30, 2017, plaintiff filed this civil complaint against the United States Marine Corps, requesting the Court to upgrade a bad conduct discharge to a medical discharge. Plaintiff states that he entered the Marine Corps in 1972, and received a bad conduct discharge on March 5, 1977. He states as follows regarding his discharge:

> . . . I was depressed and hyper manic schizo[phrenic] was extremely ill my mind was racing my body was worn out. I was delusional and hallucinating after being in for a year. The Marines traumatized me by locking me up for an assault I didn't commit. I was found not guilty. I was put in a dungeon, food taken away, I cut my arm while in the hole. I was psychotic. I cut myself, I was treated and returned to duty with NO psychological evaluation. Other suicidal events got me to see the psychiatrist eventually. His recommendation was to put me on Neuro Psychological ward for medical discharge. My unit turned it down and kept me in after that I went AWOL and they put me out. Eight years later I still ended up on a Neuro Psychological ward for 30 years. I just got out March 2016.
>
> I would like the Court to overturn the discharge to a medical discharge, restore my benefits, and [grant] back pay for past years.

In addition to the change in discharge, plaintiff seeks four million dollars in damages.

### Discussion

Congress has provided administrative remedies specifically for the purpose of reviewing and correcting military discharges. *See* 10 U.S.C. § 1552. Under § 1552(a)(1), the Secretary of a military department "may correct any military record of the Secretary's department when the Secretary considers it necessary to correct an error or remove an injustice." *Id.* The application for correction of a military record under the provisions of § 1552 are available online. *See*

Application for Correction of Military Record Under the Provisions of Title 10, U.S. Code, Section 1552, http://www.esd.whs.mil/Portals/54/Documents/DD/forms/dd/dd0149.pdf .

Courts have consistently held that before the judicial review of a claim to correct a plaintiff's military records, the plaintiff must exhaust his administrative remedies by appealing to the appropriate review board. *See Bryant v. Dep't of Army*, 553 F. Supp. 2d 1098, 1103 (D. Minn. 2008) ("Before the Court can review the merits of a claim to correct a plaintiff's military records or reinstate his eligibility for retirement benefits, the plaintiff must exhaust his administrative remedies by appealing to the appropriate Army Review Board, such as The Army Board for the Correction of Military Records."); *Blegen v. United States Navy*, 342 F. Supp. 163, 165 (W.D. Mo. 1971) ("Primary jurisdiction, rather, is vested in the naval board for review of discharges created under the provisions of Section § 1553."); *see also Todd v. Schlesinger*, 404 F. Supp. 851, 852 (W.D. Tex. 1974) ("[I]t is well settled in the Fifth Circuit . . . that a complaint filed in district court by a military serviceman prior to the exhaustion of all administrative remedies must be dismissed."). After review by the correction board, the actions and procedures of the correction board are subject to judicial reversal if they are "arbitrary, capricious, unsupported by substantial evidence or erroneous in law." *Kalista v. Sec'y of Navy*, 560 F. Supp. 608, 612 (D. Colo. 1983).

It is unclear to the Court whether plaintiff has presented his case to the appropriate review board in the Marine Corps. Plaintiff's complaint does not state that he has exhausted his administrative remedies through the Marine Corps. For this reason, the Court will order plaintiff to show cause, in writing, why this action should not be dismissed without prejudice to plaintiff's exercising his administrative remedies under § 1552. If plaintiff fails to respond to this

Memorandum and Order, the Court will dismiss without prejudice his case without further notice.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion to proceed in forma pauperis [Doc. #3] is **GRANTED**.

**IT IS FURTHER ORDERED** that plaintiff shall show cause in writing within fourteen (14) days of the date of this Memorandum and Order why the Court should no dismiss his complaint for lack of subject matter jurisdiction, without prejudice to plaintiff's exercising his administrative remedies under 10 U.S.C. §§ 1552-1553.

**IT IS FURTHER ORDERED** that if plaintiff fails to timely comply with the instructions set forth above, the Court shall dismiss this action without prejudice and without further notice to plaintiff.

*/s/ Catherine D. Perry*
CATHERINE D. PERRY
UNITED STATES DISTRICT JUDGE

Dated this 27th day of November, 2017.