UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| JULIUS RAYMOND HENDERSON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. 4:17 CV 2349 CDP |
| | ) | |
| UNITED STATES MARINE CORPS, | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM AND ORDER OF TRANSFER

This matter is before the Court on defendant's motion to dismiss plaintiff's *pro se* claims as barred by the applicable statute of limitations or, in the alternative, to transfer this case to the United States Court of Federal Claims. Defendant admits that plaintiff's *pro se* claim for back pay arises under the Military Pay Act, 37 U.S.C. § 204, which is a money-mandating statute that allows a plaintiff to bring a Tucker Act suit for back pay due to an unlawful discharge before the end of an enlistment term. *See James v. Caldera*, 159 F.3d 573, 581 (Fed. Cir. 1998). Claims under the Military Pay Act in excess of $10,000 fall within the exclusive jurisdiction of the Court of Federal Claims. *Id.* As plaintiff has alleged damages in an amount in excess of $10,000, exclusive jurisdiction of his claim lies with the Court of Federal Claims. The same is true of plaintiff's claim for disability retirement benefits, which defendant admits is governed by the Disability

Retirement Statute, 10 U.S.C. § 1202(a).  Defendant concedes that this statute is also a money-mandating statute and that claims arising under it are Tucker Act claims falling within the exclusive jurisdiction of the Court of Federal Claims where, as here, plaintiff alleges damages in an amount in excess of $10,000.

Defendant contends that plaintiff's claims should both be dismissed as barred by the six-year statute of limitations for Tucker Act claims.  However, the statute of limitations is subject to equitable and statutory tolling.  *See Van Allen v. United States*, 66 Fed. Cl. 294, 297-99 (Fed. Cl. 2005).   In light of plaintiff's allegations that he suffered from severe mental incompetence at the time of his service and discharge from the military and was subsequently hospitalized in a mental institution for thirty years until his release in March of 2016, in the interest of justice the Court will grant the defendant's motion to transfer this case to the U.S. Court of Federal Claims.  *See* 28 U.S.C. § 1631.  Defendant's alternative motion to dismiss is denied without prejudice to being raised again before the Court of Federal Claims.

Accordingly,

**IT IS HEREBY ORDERED** that defendant's motion to transfer [18-2] is granted, and **this case is transferred to the United States Court of Federal Claims**.

**IT IS FURTHER ORDERED** that defendant's alternative motion to dismiss [18-1] is denied without prejudice.

_Catherine D. Perry_
CATHERINE D. PERRY
UNITED STATES DISTRICT JUDGE

Dated this 9th day of May, 2018.